**CHANDLER v. UNITED STATES.**

No. 13798.

United States Court of Appeals
Fifth Circuit.

April 1, 1952.

Richard C. Chandler, in pro. per., for appellant.

John P. Cowart, U. S. Atty., Macon, Ga., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

On June 7th, 1951, appellant filed with the sentencing Court, under the provisions of Section 2255 of Title 28 U.S.C., a motion to vacate a sentence previously imposed upon him on June 16th, 1950, upon his plea of guilty to three counts of a criminal information which charged: (1) that he had, with unlawful and fraudulent intent, transported in interstate commerce 17 falsely made, forged and counterfeit securities, checks, specified and described, purportedly signed by "J. A. Andrews", but actually signed by the defendant, Sec. 2314, Title 18 U.S.C.; and (2) and (3) had, as fully detailed, passed, sold and disposed of two of the described checks, Section 2315, Title 18 U.S.C. The motion sought, in the alternative, that appellant be permitted to withdraw the plea of guilty. The original sentence of ten years was modified on June 27, 1950, by a reduction to 9 years in order to give the appellant credit for time spent in jail from the date of arrest to June 16th, 1950. The motion asserted that the appellant had been arrested without a warrant on January 28th, 1950, and a hearing was not had until February 3rd, at which time he was committed to jail in default of $10,000 bond; and thereafter was requested to, and did, sign a printed form "agreeing to be brought into open Court, advised of rights, etc." He was not indicted by a Grand Jury which met at the April term of Court, but after adjournment was requested to, and did, sign another printed form identical with the other. He was assured he would be given four days' notice before arraignment, but without such notice, on June 14th, 1950, he was notified he would be brought to Court on June 16th. At this time he was taken before the Judge in his office and could see the Judge and the Probation Officer talking and believes they were discussing, before any plea had been entered, the result of a pre-sentence investigation of him, which was contrary to the Rules of Criminal Procedure, 18 U.S.C., and prejudicial to him. The motion alleges, and the record shows, that thereafter, before the Judge, he was questioned with reference to his desire to waive indictment and dispose of the case on a criminal information; fully advised by the Court of his Constitutional right to counsel, and stated that he knew he had such a right. As stated by the Court, "Before you are

required to answer whether you are guilty or innocent * * * you are entitled to an attorney to confer with you to determine what kind of plea you will enter." He answered, "Yes, sir, I know that", but that he did not care for a lawyer. He was asked by the Court, "Are you acquainted with the charge against you", and answered, "Yes, sir." He was again advised of his right to indictment, but that this could be waived and his case disposed of "on a plea before the Court at this time. Is that what you desire to do?" Answer, "Yes, sir." Thereupon the waiver was signed. He contends that this was not proper advisement of his rights, especially since he was only handed a copy of the criminal information after execution of the waiver. He thereupon pleaded guilty and the record discloses that there ensued a lengthy discussion between the defendant and the Court in which the Court, with patience and understanding, discussed the defendant's problem arising from numerous charges of similar offenses then pending against him in other jurisdictions. It appears also from this discussion that the defendant had written the trial Judge a letter which the Court denominated as being "very eloquently written. It was very forcibly handled. It made a very deep impression on me." There ensued discussion of the numerous other charges pending against the defendant which the Court stated precluded him from granting probation as he had considered doing upon receipt of the letter. The defendant stated, "When I got your letter [a reply from the Court] I knew that you weren't aware of the extent of it [the defendant's record] and, although I laid myself pretty bare in there, you didn't know the legal tangle I was in." The Court: "I didn't know the extent of your operation." Mr. Chandler: "I understood that, sir, when I got your letter, nevertheless, I appreciated it very much." The Court: "As you know, you are a man of unusual intellectual powers. I don't know how long you were composing this letter, but it is pretty much of a masterpiece. * * *" We do not attempt to quote the record as a whole, but these excerpts are typical of its recitals, which clearly disclose that the defendant knew even prior to arraignment of the nature of the charges. Furthermore, he had been informed of them by the complaint before the United States Commissioner, and by the judgment of committal, and also by the recital in the waiver of indictment. Upon arraignment the first count of the information was read practically verbatim; count 2 was substantially stated, as was also the charge of count 3.

On June 9th, 1951, the Court, by the sentencing Judge, entered an order denying the motion without a hearing.[1] Appellant contends that this order, entered at Bainbridge, Georgia, the residence of the Judge, only two days after the motion had been filed at Macon, Georgia, shows that the Judge could not have considered the files and record in the case, and he also asserts he was entitled to a hearing.

Upon our consideration of the case, we are in no doubt that the Court properly held that the files and record of the case showed that the appellant was not entitled to the relief sought. No deprivation of Constitutional or other right of the defendant in the trial Court appears. To the contrary, it is clear that the Court carefully and amply protected the rights of the defendant and that the proceedings evidence an intelligent and understanding waiver by the defendant of his right to indictment, and to representation by counsel; that he was fully informed of the nature of the charges against him, and intelligently and competently entered a plea of guilty thereto. No reason appears to authorize the setting aside of the judgment of conviction to permit the defendant to withdraw his plea of guilty.[2]

Judgment affirmed.

[1] "The motion and the files and the record in the above styled case conclusively show that the applicant prisoner is not entitled to the relief sought, and the motion to vacate the judgment and commitment, or in the alternative to allow the movant prisoner to withdraw his plea of guilty, is hereby overruled and denied. The order denying the motion is made without a hearing and upon the files and record of the case."

[2] Rule 32(d), Federal Rules of Criminal Procedure.